Filed 4/11/16  P. v. Gooden CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C080448 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF154078) |
| v. | |
| DANIEL CYRIL GOODEN, | |
| Defendant and Appellant. | |

On July 11, 2015, defendant Daniel Cyril Gooden was contacted by police officers.  Defendant was found to be in possession of a slungshot -- a socket wrench tied to a leather strap.

Defendant was charged with unlawful possession of a prohibited weapon and unlawful possession of controlled substance paraphernalia.  It was also alleged that defendant had two prior strike convictions and had served two prior prison terms.

On July 29, 2015, defendant pled no contest to unlawful possession of a prohibited weapon and admitted one strike conviction.  In exchange for his plea, it was agreed he

1

would receive the second strike low term of 32 months and the remainder of the complaint was dismissed.

Sentencing took place on September 9, 2015. In accordance with the plea agreement, the trial court sentenced defendant to the low term of 16 months, doubled to 32 months for the prior strike conviction. The trial court also imposed various fines and fees and awarded defendant with 61 actual days and 60 conduct days, for a total of 121 days of presentence custody credit.

Defendant appeals. He did not obtain a certificate of probable cause.

DISCUSSION

Counsel for defendant has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

In our review of the record, we noted two omissions from the abstract of judgment. The trial court imposed a $300 restitution fine and a $300 parole revocation fine, which was stayed pending successful completion of parole. Although the restitution fine is properly reflected on the abstract of judgment, the parole revocation fine was erroneously omitted. Additionally, the trial court imposed a $30 restitution collection fee, which is not included on the abstract of judgment. We shall order the abstract of judgment corrected to reflect these two imposed amounts.[1] (*People v. Mitchell* (2001) 26 Cal.4th 181, 184-185.)

---

[1] We also note an error in the reporter's transcript which, although setting forth the correct number of actual and conduct days, erroneously reflects a total of 120 days of presentence custody credit. We give greater credence to the clerk's transcript in this

2

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment to reflect the imposition of a $300 parole revocation fine (stayed) and a $30 restitution collection fee and forward a certified copy thereof to the Department of Corrections and Rehabilitation.


/s/
Robie, Acting P. J.


We concur:


/s/
Mauro, J.


/s/
Duarte, J.

---

regard, which properly provides that defendant was awarded a total of 121 days of presentence custody credit.  (See *People v. Smith* (1983) 33 Cal.3d 596, 599.)